IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| DONNA O. MEYER, as Parent and Next Friend of KARL MITCHELL THOMPSON, deceased, | * * * * |
| Plaintiff, | * * |
| v. | * CIVIL ACTION NO. 7:15-CV-82 * |
| PHILLIP HOWARD ELY, DAVIS TRANSFER COMPANY, and AMERICAN INTER-FIDELITY EXCHANGE, | * * * * |
| Defendants. | * |

## NOTICE OF REMOVAL

COME NOW Defendants Phillip Howard Ely, Davis Transfer Company, and American Inter-Fidelity Exchange and files this, their Notice of Removal and respectfully show the Court the following:

1. That the case of <u>Donna O. Meyer, as Parent and Next Friend of Karl Mitchell Thompson, deceased, v. Phillip Howard Ely, Davis Transfer Company, and American Inter-Fidelity Exchange</u> is presently pending in the State Court of Lowndes County, the same being Civil Action Number: 2015 SCV 130.

2. This Court has jurisdiction in this matter on the basis of diversity of citizenship of the parties pursuant to 28 U.S.C. §§ 1332 and 1441.

3. The amount in controversy in this matter exceeds the sum of $75,000.00, exclusive of costs, interest and attorney's fees based upon the allegations of Plaintiff's

Complaint. Despite the fact that the Plaintiff did not specifically include a monetary prayer for relief exceeding $75,000, exclusive of interest and costs, in the Complaint, it is evident from the face of the Complaint that the amount in controversy in this lawsuit exceeds $75,000, excluding interest and costs. Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005) ("Where the plaintiff has not plead a specific amount of damages [in a state court complaint,] the defendant is required to show by a preponderance of the evidence that the amount in controversy" can be satisfied.")(citation omitted).

  4. In this case arising out of an accident between a vehicle and a bicycle, the Plaintiff's Complaint alleges that the Defendants are liable for the wrongful death of her son, who was 28 years old at the time of his death. (Complaint, ¶¶ 1, 6, 7, 27). The Plaintiff seeks damages for the full value of the Decedent's life. Id. at ¶ 27. Therefore, analyzing the Complaint in a light most favorable to Plaintiff, while not admitting liability for any amount, defense counsel represents to this Court that the amount of damages alleged to be in controversy for Plaintiff will more likely than not exceed $75,000.00, exclusive of interests and costs. *See, e.g.*, Infinity Gen. Ins. Co. v. Reynolds, 570 F.3d 1228, 1230 (11th Cir. 2009) (affirming district court's determination that amount in controversy in insurance coverage dispute regarding two wrongful death claims exceeded $75,000); Stegman v. Horton Homes, Inc. 845 F. Supp. 1571, 1575 (M.D. Ga. 1994) (concluding that plaintiffs were likely to recover more than the jurisdictional amount if they prevailed on wrongful death claims); Angrignon v. KLI, Inc., No. 08-81218-CIV, 2009 WL 506954, at *4 (S.D. Fla. Feb. 27, 2009) ("Based on the unchallenged factual allegation that a life was lost, the Court has

engaged in a common sense evaluation of the types of damages that Plaintiff is seeking and concludes Defendant has established by a preponderance of the evidence that the amount in controversy is in excess of $75,000."). Should any one of the defendants be held liable for the death of Plaintiff's Decedent, the "full value" of his life could certainly exceed $75,000, exclusive of interest and costs, although the Defendants deny any liability in the instant action. As shown, this case therefore satisfies the jurisdictional prerequisites of 28 U.S.C. § 1332.

5. There is complete diversity of citizenship in this action. Upon information and belief, at the time of the filing of the Complaint, Plaintiff is a citizen and resident of the State of New Mexico. (See Ex. "A"). Also upon information and belief, at the time of his death, Decedent Karl Mitchell Thompson was a citizen and resident of the State of Florida. Id. At the time of the filing of the Complaint, Defendant Phillip Howard Ely was a citizen and resident of the State of Georgia; Defendant Davis Transfer Company was a corporation incorporated under the laws of the State of Georgia with its principal place of business located in Georgia; and American Inter-Fidelity Exchange was a corporation incorporated under the laws of the State of Indiana with its principal place of business located in Indiana. Thus, there is complete diversity of citizenship in this action

6. This notice is timely filed within 30 days from the date on which the complaint was first served upon a defendant in the State Action, as Plaintiff's Complaint was filed on April 14, 2015; Ely was served on April 16, 2015; American Inter-Fidelity Exchange was served on April 29, 2015; and Davis Transfer Company has not yet been

served. This Notice of Removal has been timely filed within thirty (30) days of service of the Plaintiff's Complaint. The state-court lawsuit was filed on April 14, 2015; thus, this action is removed less than one year after commencement of the action.

7. Venue properly rests in the Valdosta Division of the United States District Court for the Middle District of Georgia as this case is being removed from the State Court of Lowndes County.

8. True and correct copy of all process, pleadings, discovery, and orders served upon Defendant Phillip Howard Ely is attached hereto as Exhibit "B." True and correct copy of all process, pleadings, discovery, and orders served upon American Inter-Fidelity Exchange is attached hereto as Exhibit "C." Davis Transfer Company has not yet been served.

9. Defendants Phillip Howard Ely, Davis Transfer Company, and American Inter-Fidelity Exchange join in and consent to the removal of the action.

This the 15th day of May, 2015.

                                      BROWN, READDICK, BUMGARTNER,
                                      CARTER, STRICKLAND & WATKINS, LLP

                                      /s/ John Bumgartner
                                      John E. Bumgartner, Esq.
                                      Georgia Bar No: 094600

                                      /s/ Paul M. Scott
                                      Paul M. Scott
                                      Georgia Bar Number: 140960

P. O. Box 220
Brunswick, GA 31521-0220
(912) 264-8544
(912) 264-9667                         Attorneys for Defendants

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF"), which was generated as a result of electronic filing. This is also to certify that I have this day served all parties with a copy of the foregoing pleading, by depositing same in the United States mail with adequate postage thereon to assure delivery to:

> J. H. Craig Stafford, Esq.
> Jeffrey L. Arnold, Esq.
> Arnold & Stafford,
> P.O. Box 339
> Hinesville, GA 31310

This the 15th day of May, 2015.

/s/ Paul M. Scott
Paul M. Scott
Georgia Bar Number: 140960