# EXHIBIT "B"

# IN THE STATE COURT OF LOWNDES COUNTY
## STATE OF GEORGIA

DONNA O. MEYER, as Parent and Next
Friend of KARL MITCHELL
THOMPSON, deceased,

                       **Plaintiff,**

vs.

PHILLIP HOWARD ELY, DAVIS
TRANSFER COMPANY, and AMERICAN
INTER-FIDELITY EXCHANGE,
                       **Defendants.**

LOWNDES COUNTY, GEORGIA
FILED IN OFFICE

2015 APR 14  AM 11: 33

Beth C. Greene
CLERK OF SUPERIOR STATE
JUVENILE COURTS

**CIVIL ACTION
FILE NO.** 2015 SCV 130

## SUMMONS

**TO:**  PHILLIP HOWARD ELY

You are hereby summoned and required to file with the Clerk of this Court and to serve

upon the Plaintiff's attorneys, whose name and address are:

        **H. Craig Stafford**
        **ARNOLD & STAFFORD**
        **PO Box 339**
        **Hinesville, Georgia 31310**

an answer to the Complaint that is herewith served upon you within 30 days after service of this

summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default

will be taken against you for the relief demanded in the Complaint.

Date: 04-14-2015

Stacy Bennett
[Deputy] Clerk
Lowndes County State Court

LOWNDES COUNTY, GEORGIA
FILED IN OFFICE

2015 APR 14 AM 11: 33

Beth C. Greene
CLERK OF SUPERIOR STATE
JUVENILE COURTS

## IN THE STATE COURT OF LOWNDES COUNTY
## STATE OF GEORGIA

DONNA O. MEYER, as Parent and Next
Friend of KARL MITCHELL
THOMPSON, deceased,
                      **Plaintiff,**

vs.

PHILLIP HOWARD ELY, DAVIS
TRANSFER COMPANY, and AMERICAN
INTER-FIDELITY EXCHANGE,
                      **Defendants.**

**JURY TRIAL DEMANDED**

**CIVIL ACTION**
**FILE NO.** 2015 SCV 130

### COMPLAINT FOR WRONGFUL DEATH

COMES NOW, Plaintiff, Donna O. Meyer as Parent and Next Friend of KARL MITCHELL THOMPSON, deceased, and files this complaint for wrongful death against PHILLIP HOWARD ELY, DAVIS TRANSFER COMPANY AND AMERICAN INTER-FIDELITY EXCHANGE and shows the court as follows:

### PARTIES AND JURISDICTION

#### 1.

Plaintiff is the natural mother of decedent, Karl Mitchell Thompson, age 28, and submits to the jurisdiction of this court.

#### 2.

Defendant Phillip Howard Ely hereinafter ("Ely") is a resident of the State of Georgia and may be served at his place of residence: 6200 Justin V. Cain Street in Hahira, Lowndes County, Georgia.

- 1 -

3.

Defendant Davis Transfer Company hereinafter ("DTC") is a corporation existing under the laws of the State of Georgia with its principal place of business in the State of Georgia, with an office/place of business in Lowndes County, Georgia and is authorized to transact business in the State of Georgia and may be served by delivering a copy of the summons and complaint on its registered agent G. Gary Davis, 583 University Drive, Athens, Clarke County, Georgia, and is subject to the jurisdiction of this Court.

4.

Defendant AMERICAN INTER-FIDELITY EXCHANGE hereinafter ("AIFE") is a corporation existing under the laws of the State of Indiana with its principal place of business in the State of Indiana, and is authorized to transact business in the State of Georgia, and may be served by delivering a copy of the summons and complaint on its registered agent for service, Rick Prevatt, 135 Distribution Drive, Garden City, Chatham County, Georgia 31322, and is subject to the jurisdiction of this Court.

5.

Jurisdiction and venue are proper in this Court.

## BACKGROUND

6.

On or about March 26, 2015, at approximately 12:15 p.m., Decedent Karl Mitchell Thompson ("Thompson") was riding a bicycle with a small trailer in tow on Georgia Highway

38 aka Highway 84, in Brooks County, Georgia in compliance with all applicable Georgia Uniform Rules of the Road.

7.

At approximately 12:15 p.m. on March 26, 2015, Defendant Ely, acting as an employee/agent of Defendant DTC, was operating/driving a tractor-trailer vehicle (more specifically described as a 2012 Freightliner Cascadia) on Georgia Highway 38 aka Highway 84, when he caused and allowed said tractor-trailer to strike (referred to herein as the "collision") and kill Karl Mitchell Thompson as he was lawfully riding his bicycle with a small trailer in tow.

## COUNT I – NEGLIGENCE

8.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 7 above as if fully restated.

9.

Defendant Ely was negligent in the operation of said tractor-trailer in driving too fast for conditions, failing to maintain a proper lookout, failing to use due care, driving recklessly, making an improper lane change, and in other ways to be shown at trial.

10.

Defendant Ely was negligent in striking Decedent Karl Mitchell Thompson with said tractor-trailer.

11.

Defendant Ely's negligence is a proximate cause of the collision and the death of Karl Mitchell Thompson.

## COUNT II – IMPUTED LIABILITY

12.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 11 above as if fully restated.

13.

At the time of the subject collision, Defendant Ely was under dispatch for Defendant DTC.

14.

At the time of the subject collision, Defendant Ely was operating said tractor trailer on behalf of Defendant DTC.

15.

Defendant DTC is an intrastate or interstate motor carrier and pursuant to federal and state laws is responsible for the actions of Defendant Ely in regard to the collision described in this complaint under the doctrines of lease liability, agency, or apparent agency and/or respondat superior.

## COUNT III – NEGLIGENT HIRING, TRAINING & SUPERVISION

### 16.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 15 above as if fully restated.

### 17.

Defendant DTC was negligent in hiring Defendant Ely and entrusting him to drive tractor-trailers to include the Freightliner tractor trailer involved in the subject collision.

### 18.

Defendant DTC was negligent in failing to properly train Defendant Ely.

### 19.

Defendant DTC was negligent in failing to properly supervise Defendant Ely.

### 20.

Defendant DTC's negligence in hiring Defendant Ely and entrusting him with driving commercial vehicles and failing to train and supervise him properly was a proximate cause of the collision and the death of Karl Mitchell Thompson.

## COUNT IV – DIRECT ACTION

### 21.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 20 above as if fully restated.

22.

Defendant American Inter-Fidelity Exchange ("AIFE") is subject to a direct action as the insurer for Defendant DTC pursuant to O.C.G.A. § 40-2-140 and O.C.G.A §40-1-112.

23.

Defendant AIFE was the insurer of Defendant DTC at the time of the subject collision and, prior to said collision, had issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

24.

Defendant AIFE and Defendant DTC are subject to the filing requirements outlined in O.C.G.A. § 40-2-140 and O.C.G.A. §40-1-112.

25.

Defendant AIFE is responsible for any judgment rendered against Defendant DTC.

## COUNT V – DAMAGES

26.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 25 above as if fully restated.

27.

As a result of Defendants' negligence, Plaintiff, as surviving parent of Karl Mitchell Thompson, is entitled to recover the full value of the life of Karl Mitchell Thompson.

**WHEREFORE**, Plaintiff prays as follows:

a.    That Defendants be served with the Summons and Complaint in this action;

b.    That Plaintiff recover the full value of the life of Karl Mitchell Thompson;

c.    That Plaintiff recover the costs of this litigation; and

d.    That Plaintiff have such other and further relief as is just and proper.

This _13_ day of April, 2015.

Respectfully Submitted,

**ARNOLD & STAFFORD**

**H. Craig Stafford**
**Georgia Bar No. 673885**

**Jeffery L. Arnold**
**Georgia Bar No. 023375**

**Post Office Box 339**
**Hinesville, GA  31310**
**(912) 369-4529**

# IN THE STATE COURT OF LOWNDES COUNTY
## STATE OF GEORGIA

LOWNDES COUNTY, GEORGIA
FILED IN OFFICE

2015 APR 14 AM 11: 33

*Beth C. Greene*
CLERK OF SUPERIOR STATE
JUVENILE COURTS

DONNA O. MEYER, as Parent and Next
Friend of KARL MITCHELL
THOMPSON, deceased,
                **Plaintiff,**

vs.

PHILLIP HOWARD ELY, DAVIS
TRANSFER COMPANY, and AMERICAN
INTER-FIDELITY EXCHANGE,
                **Defendants.**

**CIVIL ACTION
FILE NO.** 2015 SCV 130

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
## TO DEFENDANT DAVIS TRANSFER COMPANY

TO:    Davis Transfer Company ("DTC")

       Plaintiff submits herewith to Defendant, pursuant to O.C.G.A. § 9-11-36 for response within forty-five (45) days after service hereof, the following request for admissions, for purposes of the pending action only, subject to all objections that may be interposed at the trial of the case:

### 1.

       Please admit that you have been properly served with a copy of the Summons and Complaint in the above-styled civil action.

### 2.

       Please admit that venue is proper in the above-styled civil action.

### 3.

       Please admit that Defendant is subject to a direct action pursuant to O.C.G.A. § 40-1-112 and/or O.C.G.A. §40-2-140.

### 4.

       Please admit that Davis Transfer Company is an interstate motor carrier.

5.

Please admit that Davis Transfer Company is an intrastate motor carrier.

6.

Please admit that at the time of the subject collision and at all times relevant to this litigation, Phillip Ely was an agent of Davis Transfer Company and was acting within the scope of his agency.

7.

Please admit that at the time of the subject collision and at all times relevant to this litigation, Phillip Ely was an employee of Davis Transfer Company and was acting within the scope of his employment.

8.

Please admit that at the time of the subject collision, Davis Transfer Company had a Certificate of Public Convenience and Necessity issued by the Georgia Public Service Commission or the Department of Motor Vehicle Safety.

8.

Please admit that on the day of the subject collision, Davis Transfer Company was insured by Defendant American Inter-Fidelity Exchange.

9.

Please admit that on the day of the subject collision, Davis Transfer Company had on file with the Georgia Public Service Commission, the Department of Motor Vehicle Safety, or the State Revenue Commission, a certificate of insurance designating Defendant American Inter-Fidelity Exchange as its insurer.

10.

Please admit that on the date of the subject collision, Davis Transfer Company was subject to the filing requirements outlined in O.C.G.A. § 40-1-112 and/or O.C.G.A.§40-2-140.

This ___13___ day of April, 2015.

ARNOLD & STAFFORD

_____
H. Craig Stafford
Georgia Bar No. 673885
Attorney for Plaintiff

Post Office Box 339
Hinesville, GA 31310
(912) 369-4529

# IN THE STATE COURT OF LOWNDES COUNTY
## STATE OF GEORGIA

DONNA O. MEYER, as Parent and Next
Friend of KARL MITCHELL
THOMPSON, deceased,

                Plaintiff,

vs.

PHILLIP HOWARD ELY, DAVIS
TRANSFER COMPANY, and AMERICAN
INTER-FIDELITY EXCHANGE,
                Defendants.

LOWNDES COUNTY, GEORGIA
FILED IN OFFICE

2015 APR 14  AM 11: 33

*Beth C. Greene*
CLERK OF SUPERIOR STATE
JUVENILE COURTS

CIVIL ACTION
FILE NO. 2015 SCV 130

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
## TO DEFENDANT PHILLIP HOWARD ELY

TO:    Phillip Howard Ely ("ELY")

Plaintiff submits herewith to Defendant, pursuant to O.C.G.A. § 9-11-36 for response within forty-five (45) days after service hereof, the following request for admissions, for purposes of the pending action only, subject to all objections that may be interposed at the trial of the case:

### 1.

Please admit that you have been properly served with a copy of the Summons and Complaint in the above-styled civil action.

### 2.

Please admit that venue is proper in the above-styled civil action.

### 3.

Please admit that at the time of the subject collision and at all times relevant to this litigation, Phillip Ely was an agent of Davis Transfer Company and was acting within the scope of his agency.

4.

Please admit that at the time of the subject collision and at all times relevant to this litigation, Phillip Ely was an employee of Davis Transfer Company and was acting within the scope of his employment.

5.

Please admit that your name appears correctly in the style of this case.

6.

Please admit you were driving a tractor trailer on March 26, 205 and on or around 12:15 p.m. in Brooks County, Georgia were involved in a collision with a gentleman named Karl Mitchell Thompson who was riding a bicycle.

This __13__ day of April, 2015.

ARNOLD & STAFFORD

H. Craig Stafford
Georgia Bar No. 673885
Attorney for Plaintiff

Post Office Box 339
Hinesville, GA 31310
(912) 369-4529

# IN THE STATE COURT OF LOWNDES COUNTY
## STATE OF GEORGIA

DONNA O. MEYER, as Parent and Next
Friend of KARL MITCHELL
THOMPSON, deceased,

                  Plaintiff,

vs.

PHILLIP HOWARD ELY, DAVIS
TRANSFER COMPANY, and AMERICAN
INTER-FIDELITY EXCHANGE,

                  Defendants.

LOWNDES COUNTY, GEORGIA
FILED IN OFFICE

2015 APR 14 AM 11: 33

*Beth C. Greene*
CLERK OF SUPERIOR STATE
JUVENILE COURTS

CIVIL ACTION
FILE NO. 2015 SCV 130

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
## TO DEFENDANT AMERICAN INTER-FIDELITY EXCHANGE

TO:    Defendant American Inter-Fidelity Exchange ("AIFE")

Plaintiff submits herewith to Defendant, pursuant to O.C.G.A. § 9-11-36 for response within forty-five (45) days after service hereof, the following request for admissions, for purposes of the pending action only, subject to all objections that may be interposed at the trial of the case:

1.

Please admit that you have been properly served with a copy of the Summons and Complaint in the above-styled civil action.

2.

Please admit that venue is proper in the above-styled civil action.

3.

Please admit that Defendant is subject to a direct action pursuant to O.C.G.A. § 40-2-140 and/or O.C.G.A. §40-1-112.

4.

Please admit that Davis Transfer Company is an interstate motor carrier.

5.

Please admit that Davis Transfer Company is an intrastate motor carrier.

6.

Please admit that at the time of the subject collision and at all times relevant to this litigation, Phillip Ely was an agent of Davis Transfer Company and was acting within the scope of his agency.

7.

Please admit that at the time of the subject collision and at all times relevant to this litigation, Phillip Ely was an employee of Davis Transfer Company and was acting within the scope of his employment.

8.

Please admit that at the time of the subject collision, Davis Transfer Company had a Certificate of Public Convenience and Necessity issued by the Georgia Public Service Commission or the Department of Motor Vehicle Safety.

8.

Please admit that on the day of the subject collision, Davis Transfer Company was insured by Defendant AIFE.

9.

Please admit that on the day of the subject collision, Davis Transfer Company had on file with the Georgia Public Service Commission, the Department of Motor Vehicle Safety, or the State Revenue Commission, a certificate of insurance designating Defendant AIFE as its insurer.

10.

Please admit that on the date of the subject collision, Davis Transfer Company was subject to the filing requirements outlined in O.C.G.A. § 40-2-140 and/or O.C.G. A.§40-1-112.

This ___13___ day of April, 2015.

ARNOLD & STAFFORD

H. Craig Stafford
Georgia Bar No. 673885
Attorney for Plaintiff

Post Office Box 339
Hinesville, GA 31310
(912) 369-4529

# IN THE STATE COURT OF LOWNDES COUNTY
## STATE OF GEORGIA

LOWNDES COUNTY, GEORGIA
FILED IN OFFICE

2015 APR 14 AM 11: 33

Beth C. Greene
CLERK OF SUPERIOR STATE
& JUVENILE COURTS

DONNA O. MEYER, as Parent and Next
Friend of KARL MITCHELL
THOMPSON, deceased,
                    Plaintiff,

vs.

PHILLIP HOWARD ELY, DAVIS
TRANSFER COMPANY, and AMERICAN
INTER-FIDELITY EXCHANGE,
                    Defendants.

CIVIL ACTION
FILE NO. 2015 SCV 130

---

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT AMERICAN INTER-FIDELITY EXCHANGE

TO:   AMERICAN INTER-FIDELITY EXCHANGE ("AIFE")

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to Defendant, for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and requests for production of documents, the same being continuing in nature, requiring a supplemental response upon the discovery of other or further information or documents affecting your response hereto.

In responding, you are requested to answer fully and produce all documents available to you or in your possession or in the possession of any agent, insurer, investigator or attorney acting in your behalf.

## INTERROGATORIES

### 1.

State the name and address of any individual or entity with any ownership or lease interest in the tractor or trailer (including any container or chassis if applicable) driven by Defendant Ely on the date of the subject collision referred to in the Complaint and describe the nature of the interest.

### 2.

Was the vehicle (tractor _and_ trailer) covered by liability insurance? If so, state the names of all insurers providing liability insurance on said vehicle and give the limits of coverage of each such policy.

### 3.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance? If so, please explain.

### 4.

Do you contend that Plaintiff's decedent caused or contributed to the collision in question? If so, state with particularity each and every contention made in this regard.

### 5.

Was a post-accident report completed and forwarded to the Federal Highway Administration? If not, please state the reasons that a post-accident report was not completed.

### 6.

State in detail the factual basis for each defense you have raised in your answer to the complaint.

7.

Identify the name and address of any repair facility which performed repairs or maintenance on the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Ely on the date of the subject collision  referred to in the complaint for the one year period before said collision and six month period after said collision.     .

8.

Identify every person who has any information about how or why the subject collision occurred, about who was at fault or any way responsible for causing the subject collision, and about any other information concerning the issues of liability or damages in this case.  Please list a brief description or nature of such person's knowledge (for example:  eyewitness, investigating police officer, medical doctor, private investigator, etc.)

9.

Identify any witness who has information relevant to this case who has orally, in writing, or by recording in any way given a statement or account of his or her knowledge or any information relevant to this lawsuit.  Identify each such witness by giving his or her name, address, and telephone number and provide an explanation of the type statement given (oral, written, recorded, etc.).  Also identify the taker and present custodian of such statement.

10.

Identify any person you expect to call as an expert witness, whether live, by affidavit, or by deposition in connection with the trial, any hearing or motion for evidentiary matter in this civil action, and separately for each expert identify: a) the subject matter on which such person is expected to testify; b) the substance of the facts and opinions as to which such expert is expected

to testify; c) a summary of the ground for such opinion; and d) all documents and professional referenced upon which such person may specifically base his or her testimony and opinions.

11.

State the following information concerning any and all liability insurance, including excess or umbrella coverage or coverage by any other description, which does or may afford insurance coverage to this Defendant's insureds for the claims made in this lawsuit; Name of each insurance company issuing policy; applicable liability limits concerning each policy; names of all persons and/or companies insured under each policy; names of the person(s) paying premiums with respect to each policy; policy number and effective dates of each policy; types of insurance coverage carried; whether the defense of this action has been tendered to any such insurer; whether defense has been accepted by each such insurer to whom defense has been tendered; whether this Defendant's insured has made any claims under said policy or policies as a result of the occurrence herein, the nature, extent, and amount of any such claim or claims by said insured(s); whether those claims have been paid by you and the amount of said payment(s); and your response or reaction with respect to the request that you defend this lawsuit and pay any damages assessed, pursuant to the policy provisions.

12.

State the name, business address, and business telephone number of the following persons:

(a)     Any claims representatives or individual who has investigated or sought to assist in the adjusting of the claim made the basis of Plaintiff's Complaint; and

(b)     The claims representative who is responsible for handling and supervising this claim.

13.

State whether any test, experiment, inspection, chart or measurement has been made with respect to the scene of the subject collision, or any object or vehicle involved. State the name, current address and telephon number of each person who participated in such a test, experiment, inspection, chart, or measurement, and the date and nature of their participation. Identify all documents, pictures/videos and other data generates as result of such activities.

14.

State whether any inspection of the subject tractor was conducted after the subject collision, the results of such inspection, and the name(s) of the person(s) performing such inspection. Also identify any documents, reports, photographs, videotapes or other records which were made concerning any inspection of the subject tractor.

15.

State whether this Defendant, its attorneys investigators or other representatives know of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type demonstrative evidence concerning the subjection collision, the site of the subject collision, the vehicles involved, or which in anyway illustrate any facts relevant to the subject collision. As to each item, state the following: the nature of such item; how many of such items exist(for example, 15 photographs); the name, address, and employer of the person making or supplying such item; and the identity of the person who presently possess such item.

16.

State in detail how you contend the subject collision took place and the order in which the events took place, to include the purpose of the trip by Mr. Ely, where and what time the trip

began; the intended destination; the route he was scheduled with taking; any cargo he was carrying and the weight of that cargo; where the cargo came from and what time he picked it up; and the time and location of any stops or rest breaks. Include in this response a listing of each person, force of nature, act of God, and/or circumstance you believe to have cause or contributed to causing the subject collision and/or Karl Mitchell Thompson's injuries or death.

17.

List each motor vehicle collision, traffic violation, or crime committed or alledgedly committed by Ely of which this Defendant or Defendant DTC was aware prior to the subject collision. For each event listed, identify and explain how, when and from what source this Defendant or Defendant DTC was made aware of each such event.

18.

Identify by name, physical address, mailing address and name of entity or business, all persons who act as insurance agents or brokers and sell the insurance product of Defendant American Inter-Fidelity Exchange within any county within the State of Georgia.

## REQUESTS FOR PRODUCTION

1.

Please produce copies of any lease, contract, or other agreement regarding the tractor or trailer (including any container or chassis, if applicable) driven by Defendant Ely on the day of the subject collision referred to in the complaint.

2.

Please produce copies of the bill of sale, title, and any other documents relating to the ownership of the tractor and trailer driven (including container or chassis, if applicable) by Defendant Ely on the date of the subject collision referred to in the complaint.

3.

Please produce copies of any lease, contract, or other agreement regarding the tractor or trailer (including any container or chassis, if applicable) driven by Defendant Ely on the day of the collision referred to in the complaint.

4.

Please produce a copy of the bill of lading for any loads carried by Defendant Ely for the eight day period preceding the collision referred to in the complaint.

5.

Please produce a copy of the policy of insurance identified in response to Interrogatory No. 2 and No. 11.

6.

Please produce a copy of any post-accident report.

7.

Please produce a copy of the accident register for Defendant Ely for the one year period preceding the subject collision.

8.

Please produce copies of any reports, memoranda, notes, logs or other documents evidencing any complaints about Defendant Ely.

9.

Please produce copies of all motor vehicle records or reports of any kind received from any private corporation or service, or any governmental entity relative to the driving history, driving record, and driving infractions of Defendant Ely since the commencement of said driver's employment with this Defendant up and through the date of trial.

10.

Please produce copies of all documents and materials sent to or received from the Director of Regional Motor Carrier Safety of the Office of the Federal Highway Administration, the Georgia Regulatory Authority, or any other governmental agency relative to the subject collision which is made the basis of this lawsuit.

11.

Please produce copies of all certificates of authority, filings, registrations, license, permits, or other related documents issued by or sent to any governmental entity in regard to this Defendant or this Defendant's operations.

12.

Produce any materials responsive to Interrogatory No. 9 concerning any written statements.

13.

Produce copies of any and all documents and/or evidentiary materials responsive to Interrogatories No. 13, 14, and 15.

This 13 day of April, 2015.

ARNOLD & STAFFORD

H. Craig Stafford
H. Craig Stafford
Georgia Bar No. 673885

Post Office Box 339
Hinesville, GA 31310
(912) 369-4529

# IN THE STATE COURT OF LOWNDES COUNTY
## STATE OF GEORGIA

LOWNDES COUNTY, GEORGIA
FILED IN OFFICE

2015 APR 14  AM 11: 33

*Beth C. Greene*
CLERK OF SUPERIOR STATE
JUVENILE COURTS

DONNA O. MEYER, as Parent and Next
Friend of KARL MITCHELL
THOMPSON, deceased,
                **Plaintiff,**

vs.

PHILLIP HOWARD ELY, DAVIS
TRANSFER COMPANY, and AMERICAN
INTER-FIDELITY EXCHANGE,
                **Defendants.**

**CIVIL ACTION
FILE NO.** _2015 SCV 130_

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PHILLIP HOWARD ELY

TO:    Phillip Howard Ely ("Ely")

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to Defendant for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and requests for production of documents, the same being continuing in nature, requiring a supplemental response upon the discovery of other or further information or documents affecting your response hereto.

In responding, you are requested to answer fully and produce all documents available to you or in your possession or in the possession of any agent, insurer, investigator or attorney acting in your behalf.

## INTERROGATORIES

### 1.

State the name and address of any individual or entity with any ownership or lease interest in the tractor or trailer (including any container or chassis if applicable) driven by you on the date of the collision referred to in the Complaint and describe the nature of the interest.

### 2.

Identify all vehicle leases, subleases, trip leases, or other leasing or sharing arrangements involving the tractor or trailer (including any container or chassis, if applicable) by you from thirty days prior to the subject collision to thirty days subsequent to the collision.

### 3.

State the point of origin, destination and reason for the trip being made by you at the time of the collision referred to in the Complaint.

### 4.

In regard to the load being transported at the time of the collision by you at the time of the collision referred to in the Complaint, identify:

(a)     Where the load originated;

(b)     The contents thereof;

(c)     The weight of said load;

(d)     The final destination of the load; and

(e)     Any contracts, bills of lading, shipment documents, consignment forms, fax correspondence, or other writings pertaining to the transportation of said load.

5.

Was the vehicle covered by liability insurance? If so, state the names of all insurers providing liability insurance on said vehicle and give the limits of coverage of each such policy.

6.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance? If so, please explain.

7.

Do you contend that Karl Mitchell Thompson caused or contributed to the collision in question? If so, state with particularity each and every contention made in this regard.

8.

Was a post-accident alcohol and controlled substance test conducted on you? If so, please state:

(a)     The date of testing;

(b)     Who performed the test;

(c)     Where the test was performed; and

(d)     The results of the test.

9.

If post-accident testing was not performed on you, please state the reasons such testing did not occur.

10.

Was a post-accident report completed and forwarded to the Federal Highway Administration? If not, please state the reasons that a post-accident report was not completed.

11.

State in detail the factual basis for each defense you have raised in your answer to the complaint.

12.

State the name, address, and telephone number for the President, Safety Director, Federal Safety Regulation Compliance Officer, and the Dispatcher for the trip which ultimately resulted in the collision, and all persons who interviewed and were involved with the hiring or associating of you with Davis Transfer Company.

13.

State whether the tractor involved in the collision contained or utilized an on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master, Qualcomm, Vorad, ECM or device known by any other name which records information concerning the operation of the tractor.

14.

Describe the tractor operated by you at the time of the collision, including but not limited to the year, make, and model, mileage, maintenance history, all features, specifications, special equipment, governors, on-board recording devices, radar detectors, CB radios, or other descriptive information regarding the tractor and trailer unit.

15.

Have you ever been cited by the Department of Transportation, Public Service Commission, or Federal Highway Administration for violation of the Federal Motor Carrier Safety Regulations? If so, please state for each instance:

    (a)      The date of the violation;

    (b)      A description of the violation;

    (c)      The location where the violation occurred;

    (d)      The agency issuing the citation; and

    (e)      The ultimate disposition of the charges.

16.

Have you ever been disqualified or placed out-of-service? If so, please state for each instance.

    (a)      The dates of disqualification; and

    (b)      The reason for the disqualification

17.

Identify the name and address of any repair facility which performed repairs or maintenance on the tractor and trailer (including any container or chassis, if applicable) driven by you on the date of the collision referred to in the complaint for the one year period preceding the collision and six month period after the collision.

18.

State the extent of any training provided to you by Davis Transfer Company or any outside agency since the date of your application for employment or the date you began driving for Davis Transfer Company, whichever came first.

19.

Please explain the nature of the employment relationship between you and Defendant Davis

Transfer Company (i.e., lease operator, company driver, temporary driver, etc.), including, but not

limited to: the date the employment relationship began, if the employment relationship has been

terminated, the date of such termination, and the identity of the person who terminated you.

20.

Please state the your mode of compensation from Davis Transfer Company.

21.

Identify every person who has any information about how or why the subject collision

occurred, about who was at fault or any way responsible for causing the subject collision, and

about any other information concerning the issues of liability or damages in this case. Please list

a brief description or nature of such person's knowledge (for example: eyewitness, investigating

police officer, medical doctor, private investigator, etc.)

22.

Identify any witness who has information relevant to this case who has orally, in writing,

or by recording in any way given a statement or account of his or her knowledge or any

information relevant to this lawsuit. Identify each such witness by giving his or her name,

address, and telephone number and provide an explanation of the type statement given (oral,

written, recorded, etc.). Also identify the taker and present custodian of such statement.

23.

Identify any person you expect to call as an expert witness, whether live, by affidavit, or

by deposition in connection with the trial, any hearing or motion for evidentiary matter in this

civil action, and separately for each expert identify: a) the subject matter on which such person is

expected to testify; b) the substance of the facts and opinions as to which such expert is expected to testify; c) a summary of the ground for such opinion; and d) all documents and professional referenced upon which such person may specifically base his or her testimony and opinions.

### 24.

State in detail how you contend the subject collision took place and the order in which the events took place, to include the purpose of the trip by Mr. Ely, where and what time the trip began; the intended destination; the route he was scheduled with taking; any cargo he was carrying and the weight of that cargo; where the cargo came from and what time he picked it up; and the time and location of any stops or rest breaks. Include in this response a listing of each person, force of nature, act of God, and/or circumstance you believe to have cause or contributed to causing the subject collision and/or Karl Mitchell Thompson's injuries or death.

### 25.

Do you contend that any persons or entities, other than the named parties in this civil action, in any way caused or contributed to the death of Karl Mitchell Thompson? (This includes, but is not limited to, any other drivers, any individuals and/or corporations or businesses that may have manufactured a product or designed or constructed the subject roadway where the collision occurred). If the answer is yes, list each such person or entity with specificity and identify what action or omission occurred with regard to each such person or entity.

26.

Do you contend there was any defective condition of the tractor or trailer being driven by Defendant Ely in the subject collision which caused or contributed to said collision? If so, explain in detail.

27.

Do you contend that any defective or less than optimal condition of the roadway (design, construction, signage, etc.) caused or contributed to the subject collision? If so explain in detail.

28.

Identify all states within the U.S.A. from which you have ever been issued a driver's license and list each such name or alias by which you have ever been issued a drivers license.

29.

List your current Georgia Driver's license number.

30.

List all telephone numbers for any types of telephones (cellular or otherwise) that were within the cab of the tractor you were operating at the time of the collision with the bicycle ridden by Karl Mitchell Thompson on March 26, 2015. Also include the names of all cellular service providers which correspond with any cellular or any other phones responsive to this interrogatory. Also identify the complete name of the individual whose name any such cellular service is registered and maintained.

## REQUESTS FOR PRODUCTION

### 1.

Please produce copies of any lease, contract, or other agreement regarding the tractor or trailer (including any container or chassis, if applicable) driven by you on the day of the collsion referred to in the complaint.

### 2.

Please produce copies of the bill of sale, title, and any other documents relating to the ownership of the tractor and trailer driven (including container or chassis, if applicable) by you on the date of the collision referred to in the complaint.

### 3.

Please produce copies of any lease, employment contract, or any other documents regarding the employment status of Defendant Ely.

### 4.

Please produce copies of any lease, contract, or other agreement regarding the tractor or trailer (including any container or chassis, if applicable) driven by Defendant Ely on the day of the collision referred to in the complaint.

### 5.

Please produce a copy of the bill of lading for any loads carried by Defendant Ely for the eight day period preceding the collision referred to in the complaint.

### 6.

Please produce a copy of the policy of insurance identified in response to Interrogatory No. 5.

7.

Please produce copies of any and all trip reports or dispatch records in regard to Defendant Ely for the two week period preceding the collision referred to in the complaint.

8.

Please produce copies of any printouts, records, correspondence, memoranda, or other documents concerning post-accident alcohol and controlled substance testing of Defendant Ely.

9.

Please produce a copy of all driver's logs or time cards for Defendant Ely for the six month period preceding the collision referred to in the complaint.

10.

Please produce copies of all weight tickets, check stubs, fuel receipts, invoices, hotel bills and other records for any expenses incurred by Defendant Ely for the six month period preceding the collision referred to in the complaint.

11.

Please produce copies of all daily, monthly, and annual inspection reports, and any other inspection reports concerning the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Ely on the day of the collision referred to in the complaint for the one year period preceding said collision and the six month period following said collision.

12.

Please produce a copy of Defendant Ely's driver's qualification file, including but not limited to:

(a)    Application for employment;

(b)    Copy of his CDL license;

(c)    Driver's certification of prior motor vehicle accidents;

(d)    Driver's certification of prior violations of motor vehicle laws;

(e)    Driver's prior employment history;

(f)    Carrier's inquiry into his driving record;

(g)    Carrier's inquiry into his employment record;

(h)    Documents regarding carrier's annual review of his driving record;

(i)    Response of each state agency to carrier's annual inquiry concerning his driving record;

(j)    Certification of driver's road test;

(k)    Medical examiners certificate;

(l)    Statement setting forth in detail any denial, revocation, or suspension of any license, permit or privilege to operate a motor vehicle;

(m)    Training certificates and training documents;

(n)    Drug testing records; and

(o)    Any other documents.

13.

Please produce a copy of any post-accident report.

14.

Please produce a copy of the accident register for Defendant Ely for the one year period preceding the subject accident.

15.

Please produce copies of any driver manuals, guidelines, rules or regulations issued to drivers by you or kept by you.

16.

Please produce copies of any reports, memoranda, notes, logs or other documents evidencing any complaints about Defendant Ely.

17.

Please produce copies of all safety manuals, brochures, handouts, literature, or other written documents pertaining to safety provided to drivers by you or kept by you.

18.

Please produce copies of any printouts, records or documents produced by any device identified in Interrogatory No. 13.

19.

Please produce copies of any document concerning any violation identified in response to Interrogatory No. 15.

20.

Please produce copies of any document concerning any disqualification or out-of-service identified in response to Interrogatory No. 16.

21.

Please produce copies of any documents regarding any training received by Defendant Ely.

22.

Please produce copies of any permits or licenses regarding the tractor and trailer driven by Defendant Ely and the load transported by Defendant Ely at the time of the collision referred to in the complaint.

23.

Please produce copies of any and all payroll information concerning Defendant Ely for the six (6) months prior to and the two (2) months subsequent to said collision and his pay check for the time period covering the date of the collision. (Plaintiff's counsel is not requesting copies of pay checks unless otherwise specified, but requests the individualized payroll record ledger sheet indicating the amount of pay, miles driven for the time periods specified, etc.).

24.

Please produce copies of all motor vehicle records or reports of any kind received from any private corporation or service, or any governmental entity relative to the driving history, driving record, and driving infractions of Defendant Ely since the commencement of said driver's employment with this Defendant up and through the date of trial.

25.

Please produce copies of all documents and materials sent to or received from the Director of Regional Motor Carrier Safety of the Office of the Federal Highway Administration, the Georgia Regulatory Authority, or any other governmental agency relative to the subject collision which is made the basis of this lawsuit.

26.

Produce a photocopy of your current Georgia Driver's License.

27.

Produce copies of any documentary information (to include but not limited to photographs, reports, recalls etc.) which supports any of your responses to Interrogatories 25, 26, and 27 regarding other persons or entities you contend are in any way responsible for the death of Mr. Karl Mitchell Thompson.

28.

Produce CV's of any expert witness responsive to Interrogatory No. 23.

This 13 day of April , 2015.

ARNOLD & STAFFORD

H. Craig Stafford
Georgia Bar No. 673885

Post Office Box 339
Hinesville, GA 31310
(912) 369-4529

# IN THE STATE COURT OF LOWNDES COUNTY
## STATE OF GEORGIA

DONNA O. MEYER, as Parent and Next
Friend of KARL MITCHELL
THOMPSON, deceased,
**Plaintiff,**

vs.

PHILLIP HOWARD ELY, DAVIS
TRANSFER COMPANY, and AMERICAN
INTER-FIDELITY EXCHANGE,
**Defendants.**

LOWNDES COUNTY, GEORGIA
FILED IN OFFICE

2015 APR 14 AM 11: 33

*Beth C. Greene*
CLERK OF SUPERIOR STATE
JUVENILE COURTS

**CIVIL ACTION
FILE NO.** 2015 SCV 130

## PLAINTIFF'S FIRST INTERROGATORIES AND
## REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DAVIS
## TRANSFER COMPANY

TO:    Davis Transfer Company ("DTC")

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to Defendants, for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and requests for production of documents, the same being continuing in nature, requiring a supplemental response upon the discovery of other or further information or documents affecting your response hereto.

In responding, you are requested to answer fully and produce all documents available to you or in your possession or in the possession of any agent, insurer, investigator or attorney acting in your behalf.

## INTERROGATORIES

### 1.

State the name and address of any individual or entity with any ownership or lease interest in the tractor or trailer (including any container or chassis if applicable) driven by Defendant Ely on the date of the subject collision referred to in the Complaint and describe the nature of the interest.

### 2.

Identify all vehicle leases, subleases, trip leases, or other leasing or sharing arrangements involving the tractor or trailer (including any container or chassis, if applicable) by Defendant Ely from thirty days prior to the subject collision to thirty days subsequent to said collision.

### 3.

State the point of origin, destination and reason for the trip being made by Defendant Ely at the time of the subject collision referred to in the Complaint.

### 4.

In regard to the load being transported at the time of the subject collision by Defendant Ely, identify:

(a) Where the load originated;

(b) The contents thereof;

(c) The weight of said load;

(d) The final destination of the load; and

(e) Any contracts, bills of lading, shipment documents, consignment forms, fax correspondence, or other writings pertaining to the transportation of said load.

5.

Was the vehicle (tractor and trailer) covered by liability insurance? If so, state the names of all insurers providing liability insurance on said vehicle and give the limits of coverage of each such policy.

6.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance? If so, please explain.

7.

Do you contend that Plaintiff's decedent caused or contributed to the collision in question? If so, state with particularity each and every contention made in this regard.

8.

Did you conduct a post-accident alcohol and controlled substance test on Defendant Ely? If so, please state:

     (a)     The date of testing;

     (b)     Who performed the test;

     (c)     Where the test was performed; and

     (d)     The results of the test.

9.

If post-accident testing was not performed on Defendant Ely, please state the reasons such testing did not occur.

10.

Was a post-accident report completed and forwarded to the Federal Highway Administration? If not, please state the reasons that a post-accident report was not completed.

11.

State in detail the factual basis for each defense you have raised in your answer to the complaint.

12.

State the name, address, and telephone number for the President, Safety Director, Federal Safety Regulation Compliance Officer, and the Dispatcher for the trip which ultimately resulted in the subject collision as referenced in the complaint, and all persons who interviewed and were involved with the hiring or associating of Defendant Ely.

13.

State whether the tractor involved in the collision contained or utilized an on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master, Qualcomm, Vorad, ECM or device known by any other name which records information concerning the operation of the tractor.

14.

Describe the tractor operated by Defendant Ely at the time of the subject collision, including but not limited to the year, make, and model, mileage, maintenance history, all features, specifications, special equipment, governors, on-board recording devices, radar detectors, CB radios, or other descriptive information regarding the tractor and trailer unit.

15.

Has Defendant Ely ever been cited by the Department of Transportation, Public Service Commission, or Federal Highway Administration for violation of the Federal Motor Carrier Safety Regulations? If so, please state for each instance:

(a)     The date of the violation;

(b)     A description of the violation;

(c)     The location where the violation occurred;

(d)     The agency issuing the citation; and

(e)     The ultimate disposition of the charges.

16.

Has Defendant Ely ever been disqualified or placed out-of-service?  If so, please state for each instance.

(a)     The dates of disqualification; and

(b)     The reason for the disqualification

17.

Identify the name and address of any repair facility which performed repairs or maintenance on the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Ely on the date of the subject collision  referred to in the complaint for the one year period before said collision and six month period after said collision.

18.

State the extent of any training provided to Defendant Ely by this Defendant or any outside agency since the date of Defendant Ely's application for employment or the date he began driving for this Defendant, whichever came first.

19.

Please explain the nature of the employment relationship between this Defendant and Defendant Ely (i.e., lease operator, company driver, temporary driver, etc.), including, but not

limited to: the date the employment relationship began, if the employment relationship has been
terminated, the date of such termination, and the identity of the person who terminated such driver.

20.

With respect to Defendant Ely, please state the driver's mode of compensation.

21.

Does this Defendant, on its own or through its insurer, or through any other person or
business entity, obtain information from any private source or governmental agency concerning the
driving history, driving infractions, and motor vehicle records of drivers it employs?  If so, please
state the name and business of each entity through which such information was requested or
obtained concerning the driver involved in the subject collision, and the dates upon which such
information was obtained concerning the driver operating the commercial truck involved in the
subject collision.

22.

Identify by full name, professional title, employer, and address all persons who worked to
procure the liability insurance coverage with American Inter-Fidelity Exchange which is applicable
to the subject collision in the complaint.  This includes any persons working on behalf of Davis
Transfer Company in this regard, whether or not actually employed by Davis Transfer Company.

23.

Do you contend that any persons or entities, other than the named parties in this civil
action, in any way caused or contributed to the death of Karl Mitchell Thompson? (This
includes, but is not limited to, any other drivers, any individuals and/or corporations or
businesses that may have manufactured a product or designed or constructed the subject roadway
where the collision occurred).  If the answer is yes, list each such person or entity with

specificity and identify what action or omission occurred with regard to each such person or entity.

24.

Do you contend there was any defective condition of the tractor or trailer being driven by Defendant Ely in the subject collision that caused or contributed to said collision? If so, explain in detail.

25.

Do you contend that any defective or less than optimal condition of the roadway (design, construction, signage, etc.) caused or contributed to the subject collision? If so explain in detail. Identify every person who has any information about how or why the subject collision occurred, about who was at fault or any way responsible for causing the subject collision, and about any other information concerning the issues of liability or damages in this case. Please list a brief description or nature of such person's knowledge (for example: eyewitness, investigating police officer, medical doctor, private investigator, etc.)

26.

Identify any witness who has information relevant to this case who has orally, in writing, or by recording in any way given a statement or account of his or her knowledge or any information relevant to this lawsuit. Identify each such witness by giving his or her name, address, and telephone number and provide an explanation of the type statement given (oral, written, recorded, etc.). Also identify the taker and present custodian of such statement.

27.

Identify any person you expect to call as an expert witness, whether live, by affidavit, or by deposition in connection with the trial, any hearing or motion for evidentiary matter in this

civil action, and separately for each expert identify: a) the subject matter on which such person is expected to testify; b) the substance of the facts and opinions as to which such expert is expected to testify; c) a summary of the ground for such opinion; and d) all documents and professional referenced upon which such person may specifically base his or her testimony and opinions.

28.

Identify every person who has any information about how or why the subject collision occurred, about who was at fault or any way responsible for causing the subject collision, and about any other information concerning the issues of liability or damages in this case. Please list a brief description or nature of such person's knowledge (for example: eyewitness, investigating police officer, medical doctor, private investigator, etc.)

29.

State in detail how you contend the subject collision took place and the order in which the events took place, to include the purpose of the trip by Mr. Ely, where and what time the trip began; the intended destination; the route he was scheduled with taking; any cargo he was carrying and the weight of that cargo; where the cargo came from and what time he picked it up; and the time and location of any stops or rest breaks. Include in this response a listing of each person, force of nature, act of God, and/or circumstance you believe to have cause or contributed to causing the subject collision and/or Karl Mitchell Thompson's injuries or death.

30.

List each motor vehicle collision, traffic violation, or crime committed or allegedly committed by Ely of which this Defendant or Defendant DTC was aware prior to the subject collision. For each event listed, identify and explain how, when and from what source this Defendant or Defendant DTC was made aware of each such event.

## REQUESTS FOR PRODUCTION

### 1.

Please produce copies of any lease, contract, or other agreement regarding the tractor or trailer (including any container or chassis, if applicable) driven by Defendant Ely on the day of the subject collision referred to in the complaint.

### 2.

Please produce copies of the bill of sale, title, and any other documents relating to the ownership of the tractor and trailer driven (including container or chassis, if applicable) by Defendant Ely on the date of the subject collision referred to in the complaint.

### 3.

Please produce copies of any lease, employment contract, or any other documents regarding the employment status of Defendant Ely.

### 4.

Please produce copies of any lease, contract, or other agreement regarding the tractor or trailer (including any container or chassis, if applicable) driven by Defendant Ely on the day of the collision referred to in the complaint.

### 5.

Please produce a copy of the bill of lading for any loads carried by Defendant Ely for the eight day period preceding the collision referred to in the complaint.

### 6.

Please produce a copy of the policy of insurance identified in response to Interrogatory No. 5.

7.

Please produce copies of any and all trip reports or dispatch records in regard to Defendant Ely for the two week period preceding the collision referred to in the complaint.

8.

Please produce copies of any printouts, records, correspondence, memoranda, or other documents concerning post-accident alcohol and controlled substance testing of Defendant Ely.

9.

Please produce a copy of all driver's logs or time cards for Defendant Ely for the six month period preceding the collision referred to in the complaint.

10.

Please produce copies of all weight tickets, check stubs, fuel receipts, invoices, hotel bills and other records for any expenses incurred by Defendant Ely for the six month period preceding the collision referred to in the complaint.

11.

Please produce copies of all daily, monthly, and annual inspection reports, and any other inspection reports concerning the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Ely on the day of the collision referred to in the complaint for the one year period preceding said collision and the six month period following said collision

12.

Please produce a copy of Defendant Ely's driver's qualification file, including but not limited to:

(a)    Application for employment;

(b)  Copy of his CDL license;

(c)  Driver's certification of prior motor vehicle accidents;

(d)  Driver's certification of prior violations of motor vehicle laws;

(e)  Driver's prior employment history;

(f)  Carrier's inquiry into his driving record;

(g)  Carrier's inquiry into his employment record;

(h)  Documents regarding carrier's annual review of his driving record;

(i)  Response of each state agency to carrier's annual inquiry concerning his driving record;

(j)  Certification of driver's road test;

(k)  Medical examiners certificate;

(l)  Statement setting forth in detail any denial, revocation, or suspension of any license, permit or privilege to operate a motor vehicle;

(m)  Training certificates and training documents;

(n)  Drug testing records; and

(o)  Any other documents.

13.

Please produce a copy of any post-accident report.

14.

Please produce a copy of the accident register for Defendant Ely for the one year period preceding the subject collision.

### 15.

Please produce copies of any driver manuals, guidelines, rules or regulations issued to drivers by you or kept by you.

### 16.

Please produce copies of any reports, memoranda, notes, logs or other documents evidencing any complaints about Defendant Ely.

### 17.

Please produce copies of all safety manuals, brochures, handouts, literature, or other written documents pertaining to safety provided to drivers by you or kept by you.

### 18.

Please produce copies of any printouts, records or documents produced by any device identified in Interrogatory No. 13.

### 19.

Please produce copies of any document concerning any violation identified in response to Interrogatory No. 15.

### 20.

Please produce copies of any document concerning any disqualification or out-of-service identified in response to Interrogatory No. 16.

### 21.

Please produce copies of any documents regarding any training received by Defendant Ely.

22.

Please produce copies of any permits or licenses regarding the tractor and trailer driven by Defendant Ely and the load transported by Defendant Ely at the time of the collision referred to in the complaint.

23.

Please produce copies of any and all payroll information concerning of said driver Ely for the six (6) months prior to and the two (2) months subsequent to said collision and his pay check for the time period covering the date of the collision. (Plaintiff's counsel is not requesting copies of pay checks unless otherwise specified, but requests the individualized payroll record ledger sheet indicating the amount of pay, miles driven for the time periods specified, etc.).

24.

Please produce copies of all motor vehicle records or reports of any kind received from any private corporation or service, or any governmental entity relative to the driving history, driving record, and driving infractions of Defendant Ely since the commencement of said driver's employment with this Defendant up and through the date of trial.

25.

Please produce copies of all documents and materials sent to or received from the Director of Regional Motor Carrier Safety of the Office of the Federal Highway Administration, the Georgia Regulatory Authority, or any other governmental agency relative to the subject collision which is made the basis of this lawsuit.

26.

Please produce copies of all certificates of authority, filings, registrations, license, permits, or other related documents issued by or sent to any governmental entity in regard to this Defendant or this Defendant's operations.

27.

Produce copies of all applications for insurance coverage with American Inter-Fidelity Exchange.

28.

Produce all information regarding Defendant Ely provided to American Inter-Fidelity Exchange before March 26, 2015.

29.

Produce any documentary information (to include but not limited to photographs, reports, re-calls, etc.) which supports any of your responses to Interrogatories 23, 24, or 25 regarding other persons or entities you contend are in any way responsible for the death of Mr. Karl Mitchell Thompson.

30.

Produce copies of any statements identified in response to Interrogatory No. 26.

31.

Produce copies of CV's of any expert witness responsive to Interrogatory No. 27.

This 13 day of April, 2015.

ARNOLD & STAFFORD

H. Craig Stafford
Georgia Bar No. 673885

Post Office Box 339
Hinesville, GA 31310
(912) 369-4529